(No. 2756— ▬▬▬▬▬▬)

CLAUDE BAKER, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed September 10, 1936.*

N. E. HUTSON, for claimant.

OTTO KERNER, °Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Prior to and on October 16th, 1934 claimant was an employee of the Illinois Emergency Relief Commission and was working for such employer at the canning center in Monticello, Illinois.

On the last mentioned date, claimant sustained accidental injuries to his thumb, which arose out of and in the course of his employment, and on November 15th, 1935 filed his complaint herein asking for compensation for the injuries so sustained, as well as for money paid and advanced for medical care, hospitalization, etc.

It is not questioned that both employer and employee on the date of the accident were operating under and bound by the terms and provisions of the Workmen's Compensation Act of this State.

The Attorney General moved to dismiss the case for the reason that application for adjustment of claim was not filed within the time required by Section 24 of the Workmen's Compensation Act.

Thereafter the Attorney General requested that his motion be considered as applicable only to the claim for compensation, as distinguished from the claim for medical and hospital services, and admitted that claimant was entitled to recover the sum of $120.70 for medical and hospital services incurred and paid by him.

Thereafter the claimant agreed that his claim might be dismissed as to all matters except the claim for medical and hospital services in the amount of $120.70.

Under the provisions of Section 8A of the Workmen's Compensation Act, the employer is required to furnish the necessary first aid, medical and surgical services and all necessary medical, surgical and hospital services thereafter, limited, however, to that which is reasonably required to cure or relieve from the effects of the injury. The employer having failed to furnish such services, claimant was authorized to procure and pay for the same, and having done so, is entitled to be reimbursed therefor.

Under the previous decisions of this court the requirements of Section 24 of the Workmen's Compensation Act do not apply to a claim for medical, surgical or hospital services, as distinguished from compensation.

Under the stipulation in the record, claimant is entitled to an award in the amount of $120.70 for medical, surgical

and hospital bills incurred and paid by him in connection with the injuries so sustained by him as aforesaid.

The employer in this case being the Illinois Emergency Relief Commission, such award should be paid from the funds of such Commission hereto appropriated and set apart for the payment of compensation awards for injuries or death sustained or suffered by employees of such Commission, and not from the Road Fund or the General Fund of the State of Illinois.

We therefore recommend that payment be made by the Illinois Emergency Relief Commission to the claimant in the sum of One Hundred Twenty Dollars and Seventy Cents ($120.70), in the manner provided by law.